## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

**FIREMAN'S FUND INSURANCE**            **PLAINTIFF**
**COMPANY**

v.            **CAUSE NO. 3:12-CV-657-CWR-FKB**

**CHARTIS INSURANCE AGENCY, INC.;**            **DEFENDANTS**
**ILLINOIS NATIONAL INSURANCE**
**COMPANY; CHARTIS CLAIMS, INC.**

### ORDER

Before the Court is defendant Chartis Insurance Agency's motion to dismiss.[1] Docket No. 13. After considering the allegations, arguments, and applicable law, the motion will be granted.[2]

**I.**     **Background**

On June 27, 2008, an "incident" occurred at the Intown Suites in Jackson, Mississippi. Docket No. 20, at 3. The injured persons sued Intown Suites in Mississippi state court, ultimately securing a $4 million judgment. *Id.* at 5. The judgment was affirmed on appeal. *Id.*

Fireman's Fund Insurance Company (FFIC) had primary coverage for the first $1 million of Intown's liability. *Id.* at 3. Illinois National Insurance Company (Illinois National) had a $25 million policy of excess coverage. *Id.* at 4. Illinois National's claim administrator is Chartis. *Id.*

On October 20, 2009, one month after trial and with post-trial motions pending, FFIC tendered $1 million to Chartis. *Id.* at 5. Chartis issued its own check for $3 million in August 2011. *Id.* at 7; Docket No. 20-3, at 3.

Unfortunately, that did not resolve the dispute. Since at least 2011, the parties have disagreed about who was required to pay the interest that accrued after the judgment. Docket No. 20, at 6-7. While the parties were disputing the issue, in August 2011, FFIC paid approximately $539,000 in post-judgment interest. *Id.*

---

[1] In its second amended complaint, the plaintiff modified this defendant's name to "Chartis Claims." For simplicity, it will be referred to as "Chartis."

[2] Along with its motion to dismiss, Chartis moved for relief from Local Rule 7(b)(4)'s requirement to file a separate memorandum of law. That motion will be granted. Later, Chartis filed two motions seeking more time to file its rebuttal. Docket Nos. 18, 22. Those will be granted *nunc pro tunc*.

FFIC now seeks a declaration that Illinois National and Chartis are responsible for most of that amount – specifically, all post-judgment interest that accrued after its tender of October 20, 2009. *Id.* at 7-8. FFIC also seeks damages for unjust enrichment and negligence. *Id.* at 9-11.

## II.  Present Arguments

Chartis argues that it must be dismissed because it is not a party to the contract of insurance. Docket No. 13, at 3-4. The case should proceed against Illinois National, it says. *Id.* at 2.

FFIC responds that Chartis was the decision-maker and has responsibility for the post-judgment interest, given Chartis's denial letters in which it discussed "Chartis' position" and stated that "Chartis" was denying to pay post-judgment interest. Docket No. 17, at 3-4. FFIC adds that its negligence claim is grounded in Chartis's negligent interpretation of the policy and refusal to pay for post-judgment interest. *Id.* at 4.

In rebuttal, Chartis reurges its position that it is not a party to the policy and is not even potentially liable for the post-judgment interest. Docket No. 24, at 2-3. It claims that under any state law that could apply in this suit – choice of law being an issue the Court will have to take up in the future, it says – FFIC has not stated a claim for unjust enrichment or negligence. *Id.* at 4-5.

## III.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of actions that fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id.* (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citation omitted).

Since *Iqbal*, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at

trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011).

For cases proceeding in diversity, the applicable substantive law is that of the forum state.[3] *Capital City Ins. Co. v. Hurst*, 632 F.3d 898, 902 (5th Cir. 2011); *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 228 (5th Cir. 2007). State law is determined by looking to the decisions of the state's highest court. *St. Paul Fire and Marine Ins. Co. v. Convalescent Services, Inc.*, 193 F.3d 340, 342 (5th Cir. 1999).

**IV. Discussion**

Chartis is an agent of Illinois National and denied the claim on Illinois National's behalf. If Chartis has misinterpreted the policy, Illinois National will be liable for the post-judgment interest. In short, Illinois National bears the potential liability for breach of contract, not Chartis. *See Estate of Gibson v. Magnolia Healthcare, Inc.*, 91 So. 3d 616, 624 (Miss. 2012) ("in Mississippi, an agent for a disclosed principal is not liable for the torts of the principal. To be liable, the agent must commit individual wrongdoing. In other words, the agent incurs no personal liability absent fraud or equivalent misconduct."); *Chevis v. Mississippi Farm Bureau Mut. Ins. Co.*, 76 So. 3d 187, 195 (Miss. Ct. App. 2011) ("It is a longstanding tenant of agency law that an agent who discloses its principal cannot be held liable for the contract entered into with the principal.").[4]

As for the negligence claim, in Mississippi, a plaintiff can recover against an insurance adjuster only if the adjuster's acts rise to the level of gross negligence. *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 784 (Miss. 2004) ("an insurance adjuster, agent or other similar entity may not be held independently liable for simple negligence in connection its work on a claim. Such an entity may be held independently liable for its work on a claim if and only if its acts amount to any one of the following familiar types of conduct: gross negligence, malice, or reckless disregard for the rights of the insured."). FFIC's allegation of simple negligence is not sufficient.

---

[3] In this case, however, the parties dispute whether the law of Texas or Mississippi applies to the contract of insurance. They have made no argument that the pending motion turns on the choice of law question. Without battle being joined on this issue, therefore, the Court will defer ruling on choice of law and cite to Mississippi cases in its analysis for convenience, although no argument suggests that Texas law would change the analysis.

[4] To the extent that does not resolve the unjust enrichment claim against Chartis, on these allegations it is not plausible that Chartis could be liable to FFIC for unjust enrichment. Illinois National would be the party unjustly enriched by Chartis's wrongdoing, and Illinois National will remain a defendant in this suit.

**V.**     **Conclusion**

For these reasons, the motion to dismiss is granted.

**SO ORDERED**, this the 28th day of March, 2013.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE