IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

FIREMAN'S FUND INSURANCE COMPANY                                         PLAINTIFF

VS.                                                                  NO. 3:12-CV-657-CWR-FKB

ILLINOIS NATIONAL INSURANCE COMPANY                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Before the court are the parties' separate motions for summary judgment on plaintiff's declaratory judgment action. Docket Nos. 38 and 45. The parties have filed responses to their adversary's motion, *see* Docket Nos. 47 and 52, and they have also filed rebuttals in support of their respective motions. Docket Nos. 51 and 54. Having considered the motions and responses and being fully advised in the premises, the court finds that the motion of Fireman's Fund Insurance Company (FFIC) is granted, and the motion of Illinois National Insurance Company (INIC) is denied.

**I.      Background**

Some of the factual background in the current case has been summarized in this court's previous ruling in *Fireman's Fund Ins. Co. v. Chartis Ins. Agency, Inc.*, 3:12-CV-657-CWR-FKB, 2013 WL 1305602 (S.D. Miss. Mar. 28, 2013), where the court granted the motion to dismiss filed by Chartis Insurance Agency, the agent of INIC. The declaratory judgment action and the current motions involve the parties' disagreement about who is required to pay post-judgment interest—not an insignificant amount in light of the $4 million judgment obtained against the parties' insured, Intown Suites.

1

Intown Suites had a $1 million insurance policy with FFIC, and it maintained a $25 million policy of excess coverage with INIC.  While the parties were in dispute as to which insurer was required to pay the post-judgment interest on the judgment levied against Intown Suites, FFIC paid approximately $539,000 in post-judgment interest.  *Fireman's Fund Ins. Co. v. Chartis Ins. Agency, Inc.*, 3:12cv657-CWR-FKB, 2013 WL 1305602, at *1 (S.D. Miss. March 28, 2013).  Through the declaratory action, FFIC contends that INIC is responsible for most of that amount—"specifically all post-judgment interest that accrued after its tender of October 20, 2009." *Id*.

The FFIC policy states the following regarding coverage of post-judgment interest:

> We will pay, with respect to any claim we investigate or settle, or any suit against the insured we defend:
>
> ∗∗∗
>
> All interest on the full amount of any judgment that accrues after entry of the judgment and before we have paid, offered to pay, or deposited in court the part of the judgment that is within the applicable limit of insurance.

Docket No. 40, Exhibit "B", FFIC's Insurance Policy at pp. FFIC 0142-0143 (hereinafter, "FFIC Policy"). As for INIC, its relevant policy provides:

> I.      INSURING AGREEMENT – COMMERCIAL UMBRELLA LIABILITY
>
> A.   We will pay on behalf of the Insured those sums in excess of the Retained Limit that the Insured becomes legally obligated to pay as damages . . . .
>
> . . . .
>
> The amount we will pay for damages is limited as described in Section IV. Limits of Insurance.
>
> ∗∗∗
>
> IV.    LIMITS OF INSURANCE

2

      M.    We will not make any payment under this policy unless and until:

           1. the total applicable limits of Scheduled Underlying Insurance have been exhausted by payment of Loss[1] to which this policy applies . . . .

           When the Amount of Loss has been determined by an agreed settlement or a final judgment, we will promptly pay on behalf of the Insured the amount of such Loss falling within the terms of this policy.

Docket No. 38-3, Exhibit "C", INIC's Umbrella Insurance Policy, at pp. FFIC 0337, 0340-41

(hereinafter, "INIC's Policy"). Although INIC's general coverage section does not expressly

mention payment of post-judgment interest, the terms of its "Defense" section specifically states:

      C.    When we assume the defense of any Suit against the Insured that seeks damages covered by this policy, we will:

           1.  Investigate, negotiate and settle the Suit as we deem expedient; and

           2.  Pay the following supplementary payments to the extent that such payments are not covered by Scheduled Underlying Insurance or any applicable Other Insurance:

                  ***

              e.  Post-judgment interest that accrues after the entry of judgment on that part of the judgment within the applicable Limits of Insurance of this policy we pay and before we have paid, offered to pay or deposited in court that part of the judgment that is within the applicable Limits of Insurance of this policy; and

                  ***

      D.    Except as provided in Paragraph A. above, we will have no duty to defend any Suit against the Insured.

*Id*. at pp. FFIC 0338-0339.

---

[1] Loss means those sums actually paid as judgments. *See* INIC's Policy, at pp. FFIC 0356.

3

On October 20, 2009, one month after trial and while post-trial motions were pending, FFIC sent a letter to INIC, stating, "[W]e hereby tender our limits to [INIC] so that you can attempt to resolve the case within your limits." Docket No. 38-4, Exhibit D. On October 26, 2009, INIC responded in its own letter to FFIC, in which it acknowledged that FFIC had tendered its policy limits, but that "[INIC] would not agree to accept [FFIC's] tender of its policy limits." Docket No. 38-5, Exhibit E. INIC also stated that its policy did not require it to accept the tender. *Id*.

On December 8, 2009, INIC sent a proposal letter to Intown Suites to pay for a portion of Intown Suites' appeal bond subject to a reservation of rights. Docket No. 38-6, Exhibit F. Intown Suites agreed to the proposal, which specifically stated that INIC was not agreeing to defend Intown Suites on appeal and that INIC did not "owe any obligation to fund any part of the appeal bond."[2] *Id*. at 2. According to FFIC, INIC posted a bond for $3.75 million. Additionally, FFIC contends that INIC was involved in the appeal of the case, including editing, reviewing, and advising counsel for Intown Suites on substantive issues discussed in the briefs. *See* Docket No. 47-2, at 4, 22-7. Before Final Judgment was rendered in the underlying suit, FFIC also points out that INIC had several discussions with FFIC regarding potential settlement, however, INIC was not pleased with any of the underlying plaintiff's offers regarding settlement. Docket No. 47-1, at 4.

After the underlying judgment was affirmed on appeal, on July 7, 2011, INIC issued a letter informing FFIC that it was required to pay the interest that accrued after judgment. Docket No. 38-7, Exhibit G. In an email the next day, FFIC stated that it "will pay all post-judgment

---

[2] According to FFIC, INIC insisted that an appeal be filed in the first place. Docket No. 47-2, at 4. Additionally, on January 31, 2011, INIC engaged in more settlement talks with the plaintiffs in the underlying action to resolve the case. *Id*.

interest given our policy language." Docket No. 38-8, Exhibit H. That same day INIC issued a letter to FFIC confirming this agreement.[3] Docket No. 38-9, Exhibit I. INIC then issued its check for $3 million on August 5, 2011. Docket No. 20-3, at 3. Shortly thereafter, however, FFIC changed its position and, on August 10, 2011, it sent an email to INIC intimating that since FFIC tendered or "offered to pay" its limits on October 10, 2009, any duty to pay post judgment interest had ended on that date.[4] Docket No. 38-10, Exhibit J.

On September 1, 2011, FFIC promised to pay all post-judgment interest, including that which followed October 20, 2009, in order to protect the insured, but warned INIC that it would seek repayment for the entire amount of interest after October 20, 2009.[5] Docket No. 38-11, Exhibit K.

## II. Present Arguments

INIC first argues that Texas law must apply to the interpretation of the insurance policies at issue. Docket No. 39, at 9. Under Texas law, summary judgment should be granted in its favor, INIC claims.

INIC offers several reasons why FFIC is obligated to pay interest. It first proffers that, under FFIC's policy, FFIC's post-judgment interest obligations did not terminate because it did not "pay or offer to pay the amount of the judgment within its $1 million limits" in a way which comports with Texas law. *Id*. 12 (quotations omitted). INIC reasons that "actual production of the funds" constitutes a tender under Texas law, which FFIC did not do. *Id*. at 13 (citing *Texas*

---

[3] The letter also mentioned that representatives from both parties discussed on the phone FFIC's agreement to pay post-judgment interests. *Id*.

[4] FFIC calculated post-judgment interest from the date of the judgment, September 28, 2009, through October 20, 2009, to be $17,643.76. *Id*.

[5] FFIC's second amended verified complaint stated that it paid $539,285.36 in post-judgment interest in August 2011. Docket No. 20, 6-7.

*Employers Ins. Ass'n v. Underwriting Members of Lloyds*, 836 F. Supp. 398 (S.D. Tex. 1993)). INIC also argues that FFIC's "offer to pay" was insufficient under Texas law. *Id*. at 15 (arguing that "[u]nder Texas law relating to supplementary payment provisions like the one in Fireman's Fund's policy, an insurer must offer its policy limits in addition to the amount of post-judgment interest owed at the time in order to end its continuing liability for accruing post-judgment interest." (citing *Texas Farmers Ins. Co. v. Miller*, 03-97-00233-CV, 1997 WL 746027 (Tex. App. Dec. 4, 1997))). The tender letter was insufficient because it was not communicated to the insured plaintiffs in the underlying judgment, INIC urges. *Id*. at 16 (citing *Richmond v. Nobel Ins. Co.*, 22 F. App'x 246, 247 (4th Cir. 2001)). Finally, INIC claims that its post-judgment interest obligations were not triggered under the clear language of its own policy. *Id*. at 18 (arguing that, under its own policy, INIC's defense obligations are not triggered until Fireman's Fund actually pays its policy limits).

In response, FFIC says that because Mississippi law and Texas law do not conflict, then Mississippi law should be applied. Docket No. 47, at 8 (citing *Mumblow v. Monrow Broadcasting, Inc.*, 401 F.3d 616, 620 (5th Cir. 2005) ("'[i]f the laws of the states do not conflict, then no choice-of-law analysis is necessary,' and we simply apply the law of the forum state.")). FFIC asserts that the policy provisions' language in the Texas case that INIC uses in support of summary judgment differs from that of FFIC's supplementary payment provision policy. *Id*. at 9. FFIC claims that it does not have to actually deposit money because its policy did not require it to do so (unlike the policy provisions considered in the Texas case used in Defendant's brief). *Id*. at 11. FFIC maintains that under the plain language of its policy, FFIC's responsibility to pay post-judgment interest ended on October 20, 2009, when it offered its policy limits. *Id*. FFIC acknowledges that only one case cited by Defendant actually contained the same "offer to pay"

6

policy language as FFIC, *Texas Farmers Ins. Co. v. Miller*, however, FFIC insists that the Court should not consider this case because, pursuant to rule 47.5.4 of the Fifth Circuit Rules, the *Miller* decision is not controlling precedent.[6] *Id*. at 12-13.

Additionally, FFIC contends that INIC's assertion that FFIC's offer should have been made to the underlying plaintiffs lacks authority, because INIC uses Tennessee and Virginia law to support its argument.[7] *Id*. at 15. FFIC also claims that the post-judgment interest incorporated into the final judgment falls within the "loss" covered by INIC's commercial umbrella liability policy. *Id*. at 17-18. According to FFIC, the plain language of the INIC policy requires INIC to pay post-judgment interest incurred after October 20, 2009. Finally, FFIC argues that if summary judgment is not granted in its favor, the court should not grant summary judgment in favor of INIC because there are genuine issues of material fact concerning whether INIC assumed a duty to defend the lawsuit against Intown Suites during its appeal.[8] *Id*. at 21-23.

In its response, INIC reiterates the same arguments from its motion for summary judgment brief. INIC rebuts, however, FFIC's claim that it assumed the defense of Intown Suites or that it assumed Intown Suites' appeal. Docket No. 51, at 17.

**III. Standard of Review**

---

[6] Although FFIC claims that the Court should ignore this case, it attempts to distinguish the facts in *Miller* from the present case to support its claim that *Miller* is inapplicable. *Id*. at 13-14. In *Miller*, FFIC argues, there were no excess carriers involved; the insurer's prejudgment offers were insufficient to stop the accrual interest because they were conditioned upon the insured's release; and, finally, the insurer's offer did not include any amount of interest that had accrued to that date. *Id*. at 14.

[7] FFIC adds that INIC should be estopped from making this argument because INIC implicitly acknowledged the offer's validity when INIC conveyed FFIC's policy limits of $1 million to the underlying plaintiffs. *Id*. at 16.

[8] FFIC argues that the plain language of INIC's defense provisions of its policy provide that INIC will pay post-judgment interest in cases in which it assumes defense.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id*. at 56(c)(1). "In cases like this, where the relevant facts are not in dispute and the critical questions turn purely on legal rights and relationships, summary judgment is appropriately considered." *National Union Fire Ins. Co. of Pittsburgh, PA v. Petco Petroleum Co*., No. 4:12-CV-165-CWR-LRA, 2013 WL 5937430, at *3 (S.D. Miss. Nov. 4, 2013)(citation omitted). The Court must "view the evidence and draw reasonable inferences in the light most favorable to the non-movant." *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011) (citation omitted).

## IV. Discussion

### i. Issue of whether the law of Mississippi or Texas should apply

The first issue to be resolved is whether Mississippi or Texas law governs this suit. In a diversity action,[9] the Court applies the choice of law rules of the forum state to determine which state's substantive law applies. *Hartford Underwriters Ins. Co. v. Found. Health Servs. Inc.*, 524 F.3d 588, 593 (5th Cir. 2008). Under the law of the forum state, Mississippi, a choice of law analysis is necessary "only when there is a true conflict between the laws of two states, each having an interest in the litigation." *Zurich Am. Ins. Co. v. Goodwin*, 920 So.2d 427, 432 (Miss. 2006)). Stated another way, "[i]f the laws of the states do not conflict, then no choice-of-law

---

[9] FFIC is a corporation organized under the laws of the State of California with its principal place of business in the State of California, while INIC is a corporation organized under the laws of the State of Illinois, with its principal place of business is in Illinois. When this action was filed, Chartis was a party and its principal place of business is in the State of New York. Diversity jurisdiction of this court has been properly invoked, *see* Title 28, Section 1332, and FFIC brings this action under the Declaratory Judgment Act, Title 28, Section 2201, which provides in part that '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

analysis is necessary," and the law of the forum state will apply. *Schneider Nat. Transp. v. Ford Motor Co.*, 280 F.3d 532, 536 (5th Cir. 2002) (citations omitted). Both parties have indicated that there is no applicable Mississippi or Texas law at odds in this case. Because Mississippi is the forum state, its laws will be applied.

### ii. Dispute between the primary and excess insurance carriers as to the payment of post-judgment interest

Under Mississippi law, an insurance contract must be interpreted according to its terms. *Foreman v. Continental Casualty Co.*, 770 F.2d 487, 489 (5th Cir.1985). "The construction of an insurance contract is limited to an examination of the 'written terms' of the policy itself." *Nationwide Mut. Ins. Co. v. Yelverton*, 417 F. Supp. 2d 817, 820 (S.D. Miss. 2006) (citing *Employers Mut. Casualty Co. v. Nosser*, 250 Miss. 542, 553 (1964)). "The policy itself is the sole manifestation of the parties' intent, and no extrinsic evidence is permitted absent a finding by a court that the language is ambiguous and cannot be understood from a reading of the policy as a whole." *Id*. (citing *Cherry v. Anthony, Gibbs, Sage*, 501 So.2d 416, 419 (Miss. 1987)). "If an insurance contract is clear and unambiguous, the language therein must be given its plain meaning." *Id*. (citing *Gulf Nat'l Bank v. United States Fire Ins. Co.*, 713 F.2d 1106, 1109 (5th Cir. 1983)).

The Court finds that post-judgment interest accrued after October 20, 2009 (the date through which FFIC paid post-judgment interest) should be assessed against INIC. Under a plain reading of both policies, once FFIC paid its policy limit and interest on judgment in excess of its policy limit, INIC—as excess liability insurer—became liable for post-judgment interest that accrued following the date of payment by FFIC. Although FFIC's "tender" of its policy limits on October 20, 2009, was not an "actual payment," its policy specifically relieved itself of any obligation to pay post-judgment interest once it "offered to pay." *See* FFIC Policy at pp.

FFIC 0142-0143 (agreeing to pay post-judgment interest that accrued "after entry of the judgment and before [it has] paid, *offered to pay*, or deposited in court the part of the judgment that is within the applicable limit of insurance." (emphasis added)). FFIC's October 20, 2009 letter sent to Defendant stating that it was tendering its policy limits is sufficient to satisfy an "offer to pay" under the terms of FFIC's policy. Therefore, FFIC is correct that after October 20, 2009, it no longer had an obligation to pay post-judgment interest. Moreover, the Court agrees with FFIC's position that the post-judgment interest incorporated in the final judgment falls within the "loss" covered by INIC's "Limits of Insurance" section of its policy, which states,

> [w]hen the Amount of Loss has been determined by an agreed settlement or a final judgment, we will promptly pay on behalf of the Insured the amount of such Loss falling within the terms of this policy.

INIC's Policy at pp. FFIC 0341. As such, INIC is liable for all post-judgment interest accrued after October 20, 2009.[10]

FFIC's motion for summary judgment is granted and the motion for summary judgment filed by INIC is denied.

**SO ORDERED**, this the 13th day of March, 2015.

s/ Carlton W. Reeves<br>UNITED STATES DISTRICT JUDGE

---

[10] Because the Court finds that INIC is liable for post-judgment interest accrued after October 20, 2009, based on its tender of its policy, whether INIC assumed the defense of the appeal is no longer a genuine issue.